## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LATTRELL ROUNTREE,<br>    *Petitioner,* | )<br>) | CASE NO. 3:24-cv-01081 (KAD) |
| | ) | |
| v. | )<br>) | |
| UNITED STATES OF AMERICA<br>    *Respondent*. | )<br>) | OCTOBER 7, 2025 |

### <u>MEMORANDUM OF DECISION</u>
### RE: 28 U.S.C. § 2255 Petition (ECF NO. 1)

Kari A. Dooley, United States District Judge:

Following a plea of guilty, by judgment dated August 29, 2023, Petitioner Latrell Rountree was convicted of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner was sentenced to the mandatory minimum period of incarceration of 60 months. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on June 21, 2024. Petitioner challenges his conviction, asserting that he was denied effective assistance of counsel. Petitioner alleges that his assigned counsel failed to challenge the constitutionality of the charge to which he pled guilty and misled him about the ramifications of his plea to the § 924(c) charge, rendering his guilty plea neither knowing nor voluntary. For the reasons set forth below, the petition is DENIED.

**Background and Procedural History**

At sentencing, absent objection, the Court adopted the factual content of the Presentence Investigation Report ("PSI") as the Court's findings of fact. Sentencing Hearing Tr., *United States v. Rountree*, No. 3:22-cr-00195 (KAD), ECF No. 93 at 5. Those facts, PSI, No. 3:22-cr-00195 (KAD), ECF No. 69, and those to which Petitioner allocuted at his change of plea, No. 3:22-cr-00195 (KAD), ECF No. 92, are summarized as follows.

On May 24, 2022, law enforcement officers executed a search warrant on a residence. After gaining entrance to the residence, they observed Petitioner throw a black backpack off of a fourth-floor balcony to the ground and begin climbing over the railing. Petitioner was eventually apprehended with $3,227 in cash and a black iPhone on his person. Officers also recovered the backpack, which contained three loaded handguns, 39 rounds of loose 9mm ammunition, 106.6 grams of crack cocaine, 12.7 grams of fentanyl, and packaging materials. Petitioner's bedroom was found to contain 1.6 grams of crack cocaine, three digital scales with white powdery residue on them, a black leather notebook which officers suspected to be a drug ledger, and Petitioner's driver's license.

On September 14, 2022, a Federal Grand Jury returned an Indictment, charging Petitioner in three counts: Count One, possession with intent to distribute fentanyl and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count Two, possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Three, unlawful possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Indictment, No. 3:22-cr-00195 (KAD), ECF No. 1. The Indictment alleged that Petitioner knowingly and intentionally possessed a quantity of fentanyl and cocaine base ("crack cocaine"), both Schedule II controlled substances, with the intent to distribute them. *Id*. at ¶ 1. It further alleged that the defendant possessed three different loaded firearms in furtherance of the drug trafficking crime charged in Count One of the Indictment, and that those firearms were possessed by Petitioner after he had previously been convicted of multiple felonies in Connecticut state court. *Id.* at ¶¶ 2–3.

On April 24, 2023, the defendant pleaded guilty to Count Two of the Indictment, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A)(i). As part of the written plea agreement signed by both parties, the defendant acknowledged that his plea of guilty was voluntary, that he was not coerced into pleading guilty, and that he had not received any other promises or inducements to plead guilty other than what was set forth in the agreement. *See* Plea Agreement, No. 3:22-cr-00195 (KAD), ECF No. 49, at 6–7. Therein, Petitioner also waived his right to "appeal or collaterally attack his conviction in any proceeding," and waived his right to challenge his conviction based on "(1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute." *Id*. at 6. However, that waiver did not "preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum." *Id*.

On August 28, 2023, the defendant was sentenced to the mandatory minimum prison sentence of 60 months, followed by three years of supervised release, and a special assessment of $100; Judgement entered thereafter on August 29, 2023. *See* J., No. 3:22-cr-00195 (KAD), ECF No. 85. Petitioner did not file a direct appeal of his conviction or sentence.

On June 21, 2024, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Pet., ECF No. 1. Following the Court's Order to Show Cause, Order, ECF No. 4, Respondent filed its response to the Petition on August 5, 2024. Resp., ECF No. 5. Petitioner filed his Reply on September 30, 2024. Reply, ECF No. 8.

**Standard of Review**

"Pursuant to § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence [or conviction] on four grounds: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is

otherwise subject to collateral attack.'" *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting 28 U.S.C. § 2255(a)) (cleaned up). These are "jurisdictional [or] constitutional" issues that create "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *See Hill v. United States*, 368 U.S. 424, 428 (1962). A federal prisoner may also use § 2255 to attack his conviction because "[f]or the purposes of § 2255, the term 'sentence' refers to *both* the prisoner's sentence and underlying conviction." *Fermin v. United States*, 859 F. Supp. 2d 590, 596 (S.D.N.Y. 2012) (citing *Johnson v. United States*, 623 F.3d 41, 45 (2d Cir. 2010)) (emphasis in *Fermin*).

Petitioner bears the burden of proving that a miscarriage of justice occurred. *Hoskins*, 905 F.3d 97 at 103 n.6; *see also Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) ("The burden therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255 . . . ."). In evaluating a petitioner's claim, "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009). "Indeed . . . when the judge that tried the underlying proceedings also presides over the [§] 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would inevitably be adverse to the petitioner." *Id*.

Second Circuit "precedent instructs that § 2255 review is 'narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources.'" *Hoskins*, 905 F.3d at 102 (quoting *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). The Second Circuit has summarized the principles governing the resolution of § 2255 claims as follows:

> [N]ot every asserted error of law can be raised on a § 2255 motion. . . . The grounds
> provided in [§] 2255 for collateral attack on a final judgment in a federal criminal

> case are narrowly limited, and it has long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice.

*Napoli v. United States*, 32 F.3d 31, 35 (2d. Cir. 1994) (internal quotation marks and citations omitted), *amended on reh'g on other grounds*, 45 F.3d 680 (2d Cir. 1995). Constitutional errors will not be corrected through a writ of habeas corpus unless they had a "substantial and injurious effect," that is, unless they resulted in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637–38 (1993); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d. Cir. 1999) (applying the *Brecht* test to a § 2255 petition).

**Discussion**

Though somewhat difficult to follow, Petitioner's § 2255 Petition and his Reply assert that he was denied effective assistance of counsel in violation of the Sixth Amendment because his counsel, Attorney Kahl, failed to challenge the constitutionality of Count Two of the indictment, charging him with violating 18 U.S.C. § 924(c). He further argues that she failed to advise him of the consequences of his guilty plea, rendering it neither knowing nor voluntary.

The Sixth Amendment "provides certain procedural safeguards to individuals who have been charged with crimes, including the right to a speedy, impartial trial; the ability to call and confront witnesses; and, relevant here, the Assistance of Counsel." *United States v. Rosemond*, 958 F.3d 111, 119 (2d Cir. 2020) (internal citation omitted) (quoting U.S. Const. amend. VI). "Although the Sixth Amendment refers only to 'Assistance of Counsel,' it guarantees the right to effective assistance of counsel." *Id*. at 121 (internal citation omitted).

A petitioner making an ineffective-assistance-of-counsel claim bears a heavy burden. "Ordinarily, to prevail on a claim for ineffective assistance of counsel a defendant must

demonstrate that: (1) counsel's performance fell below an 'objective standard of reasonableness;' and (2) defendant was 'prejudiced,' meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984)).

Where the conviction at issue resulted from a guilty plea, the scope of habeas review of ineffective assistance claims is significantly narrower. A petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir. 1996) (alteration in original) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)). And there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citations and quotations omitted). In addition, to establish the *Strickland* prejudice prong "[i]n the context of guilty pleas, the [petitioner must] . . . demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ajemian v. United States*, 171 F. Supp. 3d 206, 213 (S.D.N.Y. 2016) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

"The *Strickland* standard is 'highly demanding,' and 'rigorous,'" and "must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011) (internal citations omitted). "Although a District Court must hold an evidentiary hearing when presented with any potentially meritorious claim under [§] 2255, a hearing is not required when, 'viewing the evidentiary proffers . . . and record in the light most favorable to the petitioner,' it is clear that the petitioner has failed to establish a 'plausible claim

eca418

of ineffective assistance of counsel.'" *Lake v. United States*, 465 F. App'x 33, 34–35 (2d Cir. 2012) (summary order) (quoting *Puglisi*, 586 F.3d at 213).

### Failure to Challenge the Constitutionality of 18 U.S.C. § 924(c)(1)(A)(i)[1]

Petitioner argues that Attorney Kahl was not effective because she did not challenge the constitutionality of § 924(c), the charge in Count Two of the Indictment to which Petitioner pled guilty. *See* Pet'r's Reply, ECF No. 8 at 2 (stating that, in light of recent precedent, Attorney Kahl "should've at the very least raised a facial and an as-applied challenge to . . . 924(c)"). Petitioner argues that "had his attorney looked into the true bill during the pretrial stage then this error could have been addressed earlier" and that "his attorney['s] failure to challenge the indictment makes [her] unarguabl[y] ineffective." Pet. at 3.[2] He further argues that § 924(c) is unconstitutional, *see* Pet'r's Reply. at 1–2, and that "had his lawyer not coerced him into taking a plea[,]" he could have prepared a defense that included "challenging the issuance of the indictments." Pet. at 3.[3]

---

[1] Although Petitioner's plea agreement contained an explicit clause prohibiting him from challenging his conviction based on "a claim that the statute to which the defendant is pleading guilty is unconstitutional," Petitioner has couched his claim as one of ineffective assistance.

[2] In his Reply, Petitioner makes additional arguments regarding the Indictment, claiming that certain statements made by the Government and the Court in the course of his sentencing call the factual basis of his Indictment into question. *See* Pet'r's Reply at 2–3. This argument is not only meritless, as Petitioner cites portions of the transcript taken out of context and assigns meaning in accordance with his own inaccurate understanding of what was said, but is precluded by Petitioner's guilty plea. *See Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."); *United States v. Branford*, 833 F. App'x 902, 904 (2d Cir. 2020) ("If a defendant's guilty plea is knowing and voluntary, '[t]he cases are legion that a plea of guilty . . . is an admission of guilt and a waiver of all non-jurisdictional defects.'") (quoting *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir. 1965)).

[3] Petitioner also characterizes § 924(c)(1)(A)(i) as a "sentencing enhancement." *See, e.g.*, Pet. at 3–4. To the extent that Plaintiff attempts to argue that his counsel was ineffective because she allowed him to plead guilty under § 924(c)(1)(A)(i) when he was not convicted of the possession with intent to distribute charge in Count One, he is simply incorrect. "The plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it." *Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir. 2015). Here, at his change of plea hearing, Petitioner answered "yes" when asked if he had "engaged in the distribution of a controlled substances," when asked if he "possessed a number of firearms," and when asked if those firearms were "to assist you or to help you in some fashion in the narcotics trade." Change of Plea Hearing Tr., 22-cr-195 (KAD), ECF No. 92 at 29. Further, the Government described the evidence that it could present at trial, with which Petitioner did not disagree when given the opportunity, demonstrating that Petitioner engaged in narcotics trafficking and possessed the firearms in furtherance of that trafficking. *Id.* 27–29. Based on these admissions, Attorney Kahl's advice to her client to plead

However, Attorney Kahl's decision not to challenge the constitutionality of § 924(c) was objectively reasonable. Petitioner's argument is based on two cases: *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), c*ert. granted, judgment vacated sub nom. Garland v. Range,* 144 S. Ct. 2706, 219 (2024), neither of which concerned § 924(c). *Bruen* was decided on June 23, 2022. Therein, in adjudicating a challenge to New York State's pistol permit licensing regime, the Supreme Court clarified the test required for assessing Second Amendment challenges generally, holding that the correct test must be "rooted in the Second Amendment's text, as informed by history" and that the "government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19. In *Range*, the Third Circuit held, in a "narrow" decision, that 18 U.S.C. § 922(g), which prevents a convicted felon from possessing a firearm, was unconstitutional *as applied* to a Pennsylvania man who had been "convicted of a nonviolent, non-dangerous misdemeanor and had not been incarcerated." *Range*, 69 F.4th at 99, 106.

Petitioner entered his guilty plea on April 24, 2023, approximately ten months after the decision in *Bruen*. Although counsel had the opportunity to consider *Bruen*'s new constitutional framework when advising Petitioner, counsel's decision not to raise a *Bruen* challenge was plainly reasonable and does not constitute deficient performance. In 2013, the Second Circuit, relying on the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), found that § 924(c)'s prohibition on possession of a firearm in furtherance of a drug trafficking crime was constitutional. *See United States v. Bryant*,

---

guilty to the § 924(c) count without a narcotics conviction was therefore well within the objective standard of reasonableness. Indeed, it allowed Petitioner to avoid a *consecutive* sentence to any sentence imposed on the narcotics charge.

711 F.3d 364, 369–70 (2d Cir. 2013) (holding that "the Second Amendment does not protect the unlawful purpose of possessing a firearm in furtherance of a drug trafficking crime . . ."). Though *Bruen* delineated a new constitutional test for assessing firearms regulations, it expressly reaffirmed the holdings in *Heller* and *McDonald*, and held, "consistent with" those cases, that "ordinary, *law-abiding* citizen[s] have a . . . right to carry handguns publicly for their self-defense." *Bruen*, 597 U.S. at 9–10 (emphasis added). *Bruen* therefore did nothing to disturb, or even undermine, the Second Circuit's holding in *Bryant*, which was binding on this Court when Petitioner entered his plea, and remains so today.

Further, at the time of Petitioner's plea, every court to address the issue had found § 924(c) constitutional when challenged in light of *Bruen*. *See, e.g.*, *In re Terry*, No. 22-13615-C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) (petitioner failed to show that the "holding in *Bruen* . . . has any bearing on § 924(c)'s prohibition on gun possession during a drug-trafficking crime."); *Orrego Goez v. United States*, 656 F. Supp. 3d 1370, 1372 (S.D. Fla. 2023) ("The Supreme Court's decision in *Bruen* didn't undermine the constitutionality of § 924(c) as applied to defendants . . . who've committed drug trafficking offenses . . . "); *United States v. Isaac*, No. 5:22-cr-117-LCB-HNJ-1, 2023 WL 1415597, at *5 (N.D. Ala. Jan. 31, 2023) (same); *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1234 (D. Wyo. 2023), *aff'd*, 133 F.4th 1101 (10th Cir. 2025), *opinion withdrawn and superseded on reh'g and aff'd*, 136 F.4th 998 (10th Cir. 2025) ("There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality."). Petitioner's reliance on *Range* is similarly misplaced. It is an out-of-circuit, non-binding decision, addressing extremely different factual circumstances and does not discuss § 924(c) at all. Under the law at the time of Petitioner's plea agreement, it was not unreasonable for Attorney Kahl to decide not to challenge the

constitutionality of § 924(c), and the court cannot therefore conclude that her performance "fell below an objective standard of reasonableness[.]" *Cruz v. United States*, No. 3:23-cv-942 (VAB), 2024 WL 2801699, at *5 (D. Conn. May 31, 2024) (quoting *McCoy v. United States.*, 707 F.3d 184, 187 (2d Cir. 2013)). The Court need not address the second prong of the *Strickland* test with respect to a constitutional challenge to Count Two. *See Bennett*, 633 F.3d at 85 (finding that the ineffective-assistance-of-counsel claim must fail under *Strickland* if either prong is unmet).

### *Knowing and Voluntary Nature of Petitioner's Plea*

Petitioner next asserts that counsel "coerced" him into pleading guilty to Count Two, *see* Pet. at 2, and failed to properly advise him about the consequences of pleading guilty under § 924(c), *see* Reply at 4. Specifically, Petitioner claims that he was not aware that his plea would make him ineligible for the Residential Drug Abuse Program ("RDAP") and First Step Act ("FSA") time credits and was not appraised of the length of sentence than he would actually have to serve as a result of the plea.[4] *See* Reply at 4–6. As a result, Petitioner asserts that his plea was not knowing, voluntary, or intelligent. *Id*. at 3.

Petitioner's claim is conclusively rebutted by his written plea agreement and his sworn statements at his change of plea hearing. A defendant's sworn admissions at a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). For this reason, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). A district court is "entitled to accept a defendant's statements under oath at a plea

---

[4] Petitioner also appears to suggest that if he had pled guilty to violating 18 U.S.C. § 922(g), as charged in Count Three, he would have received a shorter sentence under the guidelines. The Court need not address this argument, because "plea deals are left to the discretion of prosecutors, not attorneys," and Petitioner was not entitled to receive a plea deal on the count of his choice. *Lopez v. United States*, No. 16 Civ. 3342 (PAC), 2017 WL 1424328, at *10 (S.D.N.Y. Apr. 20, 2017), *aff'd*, 792 F. App'x 32 (2d Cir. 2019). Nor does the prosecutor's decision implicate any shortcomings on the part of Attorney Kahl.

allocution as true," *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997), and self-inculpatory statements made under oath at a plea allocution "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999). Additionally, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Courts within the Second Circuit have consistently credited defendants' plea allocutions over subsequent statements made while attempting to withdraw a plea or vacate a conviction. *See, e.g., Hines v. Miller*, 318 F.3d 157, 159 (2d Cir. 2003) (affirming district court's denial of habeas motion; defendant's earlier motion to withdraw plea was rightly denied because his claims contradicted his statements during the plea colloquy).

Petitioner's written plea agreement informed him of the maximum and mandatory minimum penalties that he faced at sentencing. *See* Plea Agreement at 3–4. It also specified that, though not binding on the Court, the parties agreed that "the applicable guideline range is the minimum term of imprisonment required by statute," 60 months. *Id*. at 4. Plaintiff further agreed that he would not appeal or collaterally attack his sentence if it did not exceed 60 months. *Id*. at 6. Finally, it included a provision that "[t]he [Petitioner] further acknowledges that he is entering into this agreement . . . *without promise of benefit of any kind* (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind," and a further section titled "NO OTHER PROMISES," in which Petitioner again acknowledged that "no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties." *Id*. at 6–7. The agreement contained no representations as to RDAP or the FSA or any reference

as to how the Bureau of Prisons would calculate Petitioner's sentence. Nor could it as the Bureau of Prisons is not a party to the agreement and as a general matter has exclusive authority over such matters. *See*, *e.g.*, *Samoiloff v. Stover*, 733 F.Supp.3d 68, 70–71 (D. Conn. 2024); (*Virgil v. Zickefoose*, No. 3:09-cv-148 (JBA), 2010 WL 1553782, at *1–2 (D. Conn. Apr. 19, 2010) (explaining that BOP regulations govern eligibility for sentence reduction); *see also Giovinco v. Pullen*, 118 F.4th 527, 532 (2d Cir. 2024) (citing *Moreno v. Ives*, 842 F. App'x 18, 21 (9th Cir. 2020) ("[C]ompletion of RDAP does not automatically mean that an inmate is eligible for the sentence reduction incentive, and Congress delegated the authority to make those determinations to BOP.")). The "No Other Promises" section was also highlighted by the Government during Petitioner's change of plea hearing. Change of Plea Hearing Tr., ("COP Tr."), No. 3:22-cr-00195 (KAD), ECF No. 92 at 18.[5]

Similarly, at the change of plea proceeding, the Court reviewed the maximum and mandatory minimum penalties he faced at sentencing, *id*. at 23, and asked him "[h]as anyone promised you anything other than what's in the agreement to get you to enter into the plea agreement or to enter a guilty plea?," to which Petitioner answered "no." *Id*. at 19. Petitioner also averred that he was not forced, threatened, or coerced in any way to enter the plea agreement, *id*. at 20, and that he pled guilty voluntarily after consulting with Attorney Kahl. *Id*. at 7, 29–30.

Petitioner specifically averred, in writing and by sworn testimony, that his decision to plead guilty was not based on any promises, agreements, or conditions not contained in his plea agreement. This necessarily includes any promise that he would earn credits toward his release via

---

[5] It also appears that Petitioner believes that the Court ordered that he be permitted to participate in RDAP. He is simply and unequivocally wrong. As revealed in the sentencing transcript attached to Petitioner's Response, when Attorney Kahl asked the Court to recommend the RDAP program to the Bureau of Prisons, the Court stated: "I will include that. Again, Mr. Rountree, I don't know whether or not that's a program you would be eligible for, but I will include it on the Judgment as a recommendation. *All of these decisions are entirely up to the Bureau of Prisons, and I can't really inform that.*" ECF No. 8 at 11 (emphasis added).

either RDAP or the FSA. Petitioner was also plainly aware that the charge to which he pled guilty carried a mandatory minimum 60-month sentence. His allegations that Attorney Kahl coerced or induced his plea by promising sentence reductions or misrepresenting the prospective length of his incarceration are conclusory, unsupported, and subject to summary dismissal. Plaintiff has not, therefore, shown that her advice was outside of acceptable standards, *Coffin*, 76 F.3d at 497, and the Court need not consider prong two of the *Strickland* analysis.

Because Petitioner has failed to establish a plausible ineffective assistance of counsel claim, an evidentiary hearing is not required.

**Conclusion**

For the foregoing reasons, no evidentiary hearing is necessary, and the petition, ECF No. 1, is DENIED. The Court shall not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this file.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of October, 2025.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE